UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JONATHAN DILLARD,<br><br>                Plaintiff,<br><br>v.<br><br>JOSHUA TAYLOR,<br><br>                Defendant. | Case No. 1:23-cv-00364-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

      Plaintiff Jonathan Dillard filed a pro se prisoner Complaint that is subject to screening because of his status as a prisoner. The Court is required to review complaints filed by prisoners to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

      A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Having reviewed Plaintiff's filings, the Court issues the following Order.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

**FINANCIAL RESPONSIBILITY FOR CASE**

Plaintiff did not file an in forma pauperis application, nor did he pay the filing fee. On August 22, 2023, the Clerk of Court mailed an in forma pauperis application to Plaintiff, but he did not complete and return it. No party may proceed in federal court without taking financial responsibility for their case.

**IMPROPER COMPLAINT**

Plaintiff has not filed a proper complaint. He has filed a mostly-illegible "Notice of Claim" form, which is a document used to notify the state that a person has a tort claim against the state or a state actor. He has attached a long personal statement to his form, but his words are mostly illegible. These documents do not constitute a proper complaint. Plaintiff may file an amended complaint if he believes he can state a federal claim upon which relief can be granted.

If Plaintiff is unable to print in a legible manner because of a disability, he may ask the prison to provide help. Prison officials are obligated to aid prisoners with disabilities to access the courts. *See Lewis v. Casey*, 518 U.S. 343 (1996). Prisoners are guaranteed the right to access the courts, which requires prison authorities to make available to prisoners "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* at 351 (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Therefore, the federal prison is under a legal obligation to provide some type of assistance to Plaintiff if he is disabled–whether it is help from another inmate, a scribe, an officer, or a paralegal–so that Petitioner can prepare his pleadings and

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

papers in this matter. It need not be a person with legal training; it need only be a person who can read court orders and filings to Plaintiff and assist him in putting his thoughts into a written form.

## IMPROPER DEFENDANT

It appears that Plaintiff is attempting to sue an attorney, Joshua Taylor, who represented him in federal criminal proceedings. *See* Case No. 1:15-cr-00170-DCN, *USA v. Dillard*. Plaintiff complains of Taylor's malpractice, misrepresentation, and other acts that are described in mostly illegible handwriting.

Here, the Court construes Plaintiff's claim as a *Bivens* action, the federal counterpart to a civil rights claim against a state actor under 42 U.S.C. § 1983. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The law is clear that a federal public defender or criminal defense attorney does not act under color of law when representing a defendant in federal criminal proceedings. *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982). Therefore, the Court lacks jurisdiction over Plaintiff's claims. *See id.*

## AMENDMENT

A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment. *See Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000). A pro se pleading may be dismissed without notice of the deficiencies and an opportunity to amend if a complaint "lacks merit entirely" and "cannot be saved" by amendment. *Id.*, at 1129. Here, the

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

Court finds and concludes that amendment is futile, because Plaintiff cannot proceed against his former federal criminal defense attorney under any plausible jurisdictional ground in federal court. However, if Plaintiff disagrees, he may file a legible amended complaint and a motion to amend and must pay the filing fee or file an in forma pauperis application.

## ORDER

**IT IS ORDERED** that the Complaint is DISMISSED without prejudice. If Plaintiff believes he can state a claim, he may attempt to file an amended complaint. If he believes that his claims are presently barred, as described above, he need not do anything further, and the Court will enter judgment and direct the Clerk of Court to close this case.

DATED: December 4, 2023

B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**